IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TANISE JACKSON, individually and
as the Mother and Next Friend of
MARVELLE MAYO, an infant,

                  Plaintiffs,

v.                                        CIVIL ACTION NO. 3:14-15086

UNITED STATES OF AMERICA and
ST. MARY'S MEDICAL CENTER, INC.,
a West Virginia Corporation,

                  Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are two motions by Defendant St. Mary's Medical Center, Inc. ("St. Mary's"): (1) Motion to Dismiss Plaintiffs' Claims for Prejudgment Interest and Attorney's Fees (ECF No. 30); and (2) Motion to Dismiss Plaintiffs' Punitive Damages Claim (ECF No. 32).[1] For the reasons explained below, the Court **DENIES** both motions.

---

[1] As an initial matter, St. Mary's motions to dismiss are more properly treated as motions to strike under Federal Rule of Civil Procedure 12(f). St. Mary's motions are more properly treated as motions to strike because St. Mary's asks this Court not to dismiss Plaintiff's entire claim, as under Federal Rule 12(b), but rather to strike from Plaintiffs' Amended Complaint several requests for relief (prejudgment interest, attorney's fees, and punitive damages). The distinction is fine but important because under the Federal Rules a party may file a motion to strike either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. Fed. R. Civ. P. 12(f). Here, St. Mary's has already responded to Plaintiffs' Amended Complaint, *see* ECF No. 34 filed on December 22, 2014, and so it is prohibited from filing a motion to strike. However, because under 12(f) the Court on its own can strike any redundant, immaterial, impertinent, or scandalous portion of a pleading, this Court will decide both of St. Mary's Motions to Dismiss under the standard for a 12(f) motion to strike.

I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) permits a district court, on motion or on its own, to remove material from a pleading that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Motions to strike are a drastic remedy, often used by the movant as a dilatory tactic, and are therefore disfavored and infrequently granted. *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citing 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed.1990)); *see also Clark v. Milam*, 152 F.R.D. 66, 70 (S.D. W. Va. 1993) (citing *First Financial Sav. Bank v. Am. Bankers Ins. Co.*, 783 F.Supp. 963, 966 (E.D. N.C. 1991); *U.S. v. Fairchild Indus. Inc.*, 766 F.Supp. 405, 408 (D. Md. 1991)). Thus, to prevail on a motion to strike, the movant must show that the challenged material "has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants." *Moore's Fed. Practice* 3D § 12.37[3] at 12–129 (3d ed. 2009); *see also Clark*, 152 F.R.D. at 70 (citations omitted). That said, motions to strike requests for certain types of relief, such as punitive damages, are generally granted if such relief is not recoverable under the applicable law. *Moore's Fed. Practice* 3D § 12.37[3] at 12–130. Employing these principles, the Court will address separately each section of the Complaint that St. Mary's seeks to strike.

II. MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR PREJUDGMENT INTEREST AND ATTORNEY FEES

St. Mary's argues that Plaintiffs' claim for prejudgment interest on future losses, i.e., losses accruing after the trial, should be stricken. In the same motion, St. Mary's argues that Plaintiffs' attorney's fees claim should be stricken because the substantive law, the Medical Professional Liability Act ("MPLA"), does not provide for recovery of attorney's fees.

### A. *Prejudgment Interest*

West Virginia Code Section 56–6–31 provides for prejudgment interest on special damage awards. *Beard v. Lim*, 408 S.E.2d 772, 775 (W. Va. 1991) (citing W. Va. Code § 56–6–31). The phrase "special damages" includes lost wages and income, medical expenses, damages to tangible personal property, and similar out-of-pocket expenditures. W. Va. Code § 56–6–31. "Under W. Va. Code, 56–6–31, as amended, prejudgment interest on special or liquidated damages is calculated from the date on which the cause of action accrued, which in a personal injury action is, ordinarily, when the injury is inflicted." Syl. Pt. 2, *Grove by and through Grove v. Myers*, 382 S.E.2d 536 (W. Va. 1989). "Future wage loss, accruing after the jury verdict, is not a prejudgment loss or special damage under W. Va. Code, 56 –6–31 (1981)." Syl. Pt. 15, *Pasquale v. Ohio Power Co.*, 418 S.E.2d 738 (W. Va. 1992).

Here, Plaintiffs' Complaint requests "pre and post judgment interest." Amended Complaint 11 (Sept. 30, 2014), ECF No. 11. In response, Defendant contends that Plaintiffs' request for prejudgment interest is limited to special or liquidated damages incurred up to the time of trial. Def. Mem. in Supp. of Mot. to Dismiss Claim for Prejudgment Interest and Att'y's Fees 2 (Dec. 22, 2014), ECF No. 31. Defendants further assert that prejudgment interest cannot be awarded on damages related to "future losses." *Id.*

Plaintiffs, if successful in showing Defendants were liable for medical malpractice, may be entitled to prejudgment interest on any special damages awarded. W. Va. Code § 56–6–31. The amount of prejudgment interest is calculated starting from the date that the cause of action accrued, i.e., when the injury was inflicted. Syl. Pt. 2, *Myers*, 382 S.E.2d 536. As a matter of law, Plaintiffs are only entitled to recover prejudgment interest on special or liquidated damages incurred *up until the date judgment is rendered*. *Pasquale v. Ohio Power Co.*, 418 S.E.2d 738, 757 (W. Va. 1992).

Hence, this Court will not award prejudgment interest on special damages—lost wages and income, medical expenses, and out of pocket expenses—that accrues after the judgment.[2] However, this limitation on prejudgment interest is so axiomatic that it does not require an order dismissing Plaintiffs' claim for prejudgment interest on future losses.

Upon review of Plaintiffs' Amended Complaint and applying the standard for a 12(f) motion to strike, the Court is unable to ascertain any portion of the complaint related to prejudgment interest that would merit granting St. Mary's Motion. Pursuant to W. Va. Code § 56–6–31, Plaintiffs, if successful, will be entitled to prejudgment interest on special damages, and special damages do not as a category include future losses, e.g., damages for lost wages that would have accrued after the entry of judgment. However, Plaintiffs do not specifically request prejudgment interest on future losses; they merely request prejudgment interest, among other relief. Hence, there is no portion of Plaintiffs' Complaint for this Court to strike because Plaintiffs may eventually be entitled to prejudgment interest on special damages and Plaintiffs have not specifically requested prejudgment interest on future losses. For those reasons, St. Mary's Motion to Dismiss Plaintiff's claim for prejudgment interest is denied.

---

[2] This limitation on prejudgment interest does not affect any possible recovery of post-judgment interest. West Virginia statute provides that in a case involving multiple defendants, which is true here, a court determining the amount of judgment to be entered against each defendant:

> shall first, after adjusting the verdict as provided in section nine-a of this article, reduce the adjusted verdict by the amount of any preverdict settlement arising out of the same medical injury. The court shall then, with regard to each defendant, multiply the total amount of damages remaining, with interest, by the percentage of fault attributed to each defendant by the trier of fact. The resulting amount of damages, together with any post-judgment interest accrued, shall be the maximum recoverable against the defendant.

W. Va. Code § 55-7B-9(b). As such, this Court's recognition that prejudgment interest is limited to interest on special damages accruing up to the time judgment is entered, does not affect any possible claim Plaintiffs may have for post-judgment interest on appropriate damages.

*B. Attorney Fees*

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." While a prevailing party is presumptively entitled to costs, "[t]he opposite presumption exists with respect to attorney's fees." *Marx v. General Revenue Corp.*, 133 S.Ct. 1166, 1175 (2013). Instead, under the "American Rule," "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680 (1983)); *see also* Syl. Pt. 2, *Sally-Mike Properties v. Yokum*, 365 S.E.2d 246 (W. Va. 1986) (explaining that "[a]s a general rule each litigant bears his or her own attorney's fees absent a contrary rule of court or express statutory or contractual authority for reimbursement").

Notwithstanding the American Rule, however, the Supreme Court has recognized that federal courts have inherent power to award attorney's fees in a narrow set of circumstances, for instance, when an action is brought in bad faith, when litigation directly benefits others, or as a means to sanction a party that disobeys a direct order or acts in bad faith. *Marx*, 133 S.Ct. at 1175 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991); *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 257–59 (1975)); *see also* Syl. Pt. 3, *Sally-Mike Properties v. Yokum*, 365 S.E.2d 246 (W.Va. 1986) ("There is authority in equity to award to the prevailing litigant his or her reasonable attorney's fees as 'costs,' without express statutory authorization, when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons").

Here, Plaintiffs' cause of action arises under the West Virginia MPLA. The West Virginia MPLA provides as follows:

> In the event that the court determines prior to trial that either party is presenting or relying upon a frivolous or dilatory claim or defense, for which there is no

> reasonable basis in fact or at law, the court may direct in any final judgment the payment to the prevailing party of reasonable litigation expenses, including deposition and subpoena expenses, travel expenses incurred by the party, and such other expenses necessary to the maintenance of the action, *excluding attorney's fees* and expenses.

W. Va. Code § 55-7B-6b(f) (emphasis added).

St. Mary's argues that Plaintiffs are not entitled to an award of attorney's fees under any circumstance because the West Virginia MPLA leaves the background American Rule intact. However, the Supreme Court has previously rejected this argument. *See Chambers*, 501 U.S. at 51. In *Chambers*, the sanctioned party asserted that even if federal courts generally have inherent power to assess attorney's fees as a sanction, they are not free to do so when sitting in diversity unless the applicable state law recognizes the "bad-faith" exception to the American rule. *Chambers*, 501 U.S. at 51. The Supreme Court disagreed. After applying *Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938), the Court held that federal courts sitting in diversity may exercise their inherent power to assess attorney's fees as a sanction, despite state law to the contrary.

In sum, while it is true that the MPLA does not confer authority to award attorney's fees, even for frivolous or dilatory claims or defenses, the MPLA does not limit this Court's inherent power to award attorney's fees as a sanction, *Chambers*, 501 U.S. at 51, nor does it limit this court's equitable power to award attorney's fees to the prevailing party under prescribed circumstances, Syl. Pt. 3, *Sally-Mike Properties*, 365 S.E.2d 246. Therefore, St. Mary's Motion to Dismiss Plaintiffs' Claim for Attorney's Fees is denied.

### III. MOTION TO DISMISS PLAINTIFFS' PUNITIVE DAMAGES CLAIM

St. Mary's argues for dismissal of Plaintiffs' punitive damages claims because (1) Plaintiffs have not alleged conduct that would justify an award of punitive damages and (2) Plaintiffs are not entitled to punitive damages under West Virginia law, here the MPLA. Each argument is dealt with in turn.

Under West Virginia law, punitive damages are available only when the legislature authorizes them or the defendant's conduct in a particular case "meets the heightened standard of 'gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others.'" *Manor Care, Inc. v. Douglas*, 763 S.E.2d 73, 96 (W. Va. 2014) (citing Syl. pt. 4, in part, *Mayer v. Frobe*, 22 S.E. 58 (W. Va. 1895)).

As an initial matter, this Court finds the language in the Amended Complaint, although it does not expressly demand punitive damages, reasonably read includes a request for punitive damages. In response to the motion to dismiss their punitive damages claim, Plaintiffs contend both that they have not demanded punitive damages but also that they have alleged facts sufficient to support a punitive damages award. The Court disagrees with Plaintiffs' characterization of their request for relief. Although Plaintiffs have not specifically requested punitive damages, Plaintiffs have requested, among other things, judgment against Defendants in an amount to be proven at trial and such other relief as the Court deems proper. Compl. at 14. Plaintiffs also allege that Defendants were reckless. *Id.* at 10. Thus, Plaintiffs' request for relief, reasonably read, includes a demand for punitive damages. And so, it is proper for this Court to consider the merits of St. Mary's Motion to Dismiss Plaintiffs' Punitive Damages Claim.

First, St. Mary's argues that Plaintiffs have not alleged conduct that, if proven, would justify an award of punitive damages. This Court disagrees. Punitive damages are available if the defendant's conduct was "wanton, willful, or reckless." Syl. pt. 4, *Mayer*, 22 S.E. at 58. *Manor Care v. Douglas* provides a helpful illustration. In *Manor Care*, a punitive damage award was upheld under the following circumstances: the defendant-care provider was chronically understaffed to the point that it failed to provide life-sustaining care to plaintiff; the defendant was aware of its understaffing problem months before the plaintiff's injury; despite its knowledge, the

defendant failed to increase its staff size; and, most troublesome, the defendant attempted to conceal the understaffing problem by providing additional staff when the facility was being inspected. *Manor Care*, 763 S.E.2d at 97.

In this case, Plaintiffs' Complaint sets out the facts supporting allegations of medical malpractice in Paragraphs 30 through 33 (including related subparts). Compl. at 6–10. In paragraph 33, Plaintiffs provide a litany of ways that Defendants allegedly breached their duty, including: failure to properly train staff on a number of treating procedures relevant to pregnancy, failure to comply with standards set by the Joint Commission on Accreditation of Healthcare Organizations ("JCAHO"), and failure to promulgate, implement, and maintain policies and procedures relating to care for pregnant women and unborn fetuses. Lastly, in paragraph 37, Plaintiffs characterize Defendants' breaches as both "negligent and reckless." *Id.* at 10. Although this latter allegation is a bald assertion, it is supported by the factual allegations in paragraph 33. If St. Mary's breached its duty by failing to train its staff, failing to comply with JCAHO standards, or failing to promulgate, implement, and maintain policies such as those alleged, and if St. Mary's did this despite knowing for a significant period of time that additional training, standards compliance, and new policies were needed to prevent a breach of its duty to patients, and if St. Mary's actively concealed these breaches, then a punitive damages award would certainly be justified in this case.

Based on the foregoing analysis, the Court finds that depending on the evidence presented to support Plaintiffs' allegations, a trier of fact could find the failures alleged, in whole or in part, amount to wanton, willful, or reckless conduct. Because Plaintiffs have alleged conduct that if true could, as a matter of law, be found wanton, willful, or reckless, punitive damages may be available. Therefore, an instruction on punitive damages is not totally foreclosed in this case at the present stage of the proceedings.

Second, St. Mary's urges this Court to undertake the task of statutory construction of West Virginia state law, and hold that punitive damages are totally unavailable under the MPLA for claims like Plaintiffs'. This Court does not need to address this statutory construction argument because the availability of punitive damages under the MPLA is settled under West Virginia case law. For example, in *Manor Care*, the West Virginia Supreme Court of Appeals upheld a punitive damages award that was based solely on the MPLA. *See Manor Care*, 763 S.E.2d at 94 (dismissing the plaintiffs' only other claims and upholding punitive damages award based on MPLA claim without discussing whether punitive damages are available under the MPLA).

In sum, as a matter of law, punitive damages are available for some medical malpractice claims under the MPLA, specifically those where the defendant has committed gross fraud, acted with malice, oppression, or wanton, willful, or reckless conduct. At this stage in the proceedings—where discovery is ongoing and Plaintiffs have alleged facts that could amount to wanton, willful, or reckless conduct—it is inappropriate to strike Plaintiffs' request for punitive damages. Therefore, St. Mary's Motion to Dismiss Plaintiffs' Punitive Damages Claim is denied.

### IV. CONCLUSION

For the foregoing reasons, St. Mary's Motion to Dismiss Plaintiffs' Claims for Prejudgment Interest and Attorney's Fees is **DENIED**, and St. Mary's Motion to Dismiss Plaintiffs' Punitive Damages Claim is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 1, 2015

ROBERT C. CHAMBERS, CHIEF JUDGE