IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TANISE JACKSON, Individually,
and as Mother and Next Friend of
MARVELLE MAYO, an infant,

      Plaintiffs,

v.   Case No.: 3:14-cv-15086

UNITED STATES OF AMERICA and
ST. MARY'S MEDICAL CENTER, INC.,
a West Virginia Corporation,

      Defendants.

## MEMORANDUM OPINION and ORDER

Pending is Plaintiffs' Motion For *In Camera* Review Of Documents Defendant St. Mary's Hospital, Inc. Has Claimed As Protected by *Peer Review.* (ECF No. 74). In this motion, Plaintiffs ask the Court to review four documents that were described in a privilege log supplied by St. Mary's Medical Center ("SMMC") in response to a Request for Production of Documents served by Plaintiffs. Plaintiffs further request an order compelling production of the documents in the event they are not protected from discovery by West Virginia's peer review statute. Defendants have filed responses in opposition to the motion, (ECF No. 77, 78), and the time for filing a reply memorandum has expired.

1

As part of its response, SMMC supplied the four documents under seal for *in camera* review. (ECF Nos. 77-4, 77-5, 77-6, 77-7). In light of SMMC's willingness to have the documents reviewed, the Court **GRANTS** Plaintiffs' Motion for *In Camera* Review. Having fully considered the arguments of counsel, and having reviewed the documents, the Court finds that the four documents clearly constitute the records or proceedings of a peer review organization, are privileged from disclosure, and are entitled to protection from discovery pursuant to West Virginia Code § 30-3C-3. Therefore, Plaintiffs' request for production of the documents is **DENIED.**

I. <u>Relevant Facts</u>

This civil action involves claims of medical negligence related to care rendered by the defendants during the labor and delivery of Plaintiff Marvell Mayo. During the course of discovery, Plaintiffs served a Request for the Production of Documents on SMMC asking it to "provide a copy of any and all investigative reports, incident reports and/or inspection reports pertaining to the injuries sustained by any party to this lawsuit." (ECF No. 74-2 at 12). SMMC objected to the request on the grounds of attorney-client privilege, work product protection, and peer review/quality assurance privileges. (*Id.*). SMMC supplied a privilege log in connection with its objection that listed the four documents at issue in Plaintiffs' motion. (ECF No. 74-3). Approximately one month later, Plaintiffs' counsel demanded that the documents listed on the privilege log be produced the following day, or Plaintiffs would file a motion to compel. After the exchange of a few e-mails, Plaintiffs proceeded to file the motion. (ECF No. 77 at 3). At no time prior to filing the motion did the parties meet and confer in person or by telephone.

## II. Discussion

As a preliminary matter, the undersigned addresses SMMC's argument that the motion should be denied based upon Plaintiffs' failure to meet and confer as required by Fed. R. Civ. P. 37(a)(1) and Local Rule of Civil Procedure 37.1(b). From the representations of SMMC—which were not rebutted—Plaintiffs failed to comply with Local Rule 37.1(b), which explicitly requires the moving party's counsel to arrange a meeting of the parties, in person or by telephone, for the purpose of narrowing areas of disagreement prior to filing a motion to compel. Nonetheless, the failure of Plaintiffs' counsel to arrange a meet and confer session does not prevent consideration of the motion on its merits. Instead, such a failure potentially precludes an award of reasonable expenses to Plaintiffs under Rule 37. *See Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.,* 246 F.R.D. 522, 526 (S.D.W.Va. 2007). Consequently, the undersigned has considered the merits of the motion.

### A. *The Four Documents are Privileged as Peer Review*

Federal Rule of Evidence 501 states the general rule for matters of privilege in a federal court proceeding, providing in relevant part, "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." The substantive claims and defenses in this civil action are matters of State law; accordingly, the question of whether the documents are privileged as peer review is governed by West Virginia law.[1]

---

[1] Although the United States is a party pursuant to the Federal Torts Claim Act, the law of West Virginia still governs given that the alleged negligence occurred in West Virginia. *See Bellomy v. United States,* 888 F.Supp 760, 763 (S.D.W.Va. 1995).

3

The West Virginia legislature has enacted statutory provisions designed to protect the confidentiality of a health care peer review organization's records and proceedings. *See* W.Va. Code § 30-3C-1, *et seq.* Peer review is broadly defined in the statute as "the procedure for evaluation of health care professionals of the quality and efficiency of services ordered or performed by other health care professionals." W.Va. Code §30-3C-1. A review organization is, *inter alia*, "any committee or organization engaging in peer review." *Id.* According to West Virginia law, the records and proceedings of a health care peer review organization "shall be confidential and privileged and shall not be subject to subpoena or discovery proceedings or be admitted as evidence in any civil action arising out of the matters which are subject to evaluations and reviews by such organization." W.Va. Code § 30-3C-3. Exceptions to this rule include documents or information otherwise available through original sources; matters within the personal knowledge of a witness, regardless of whether the matters were shared with a peer review organization; and the contents of a health care provider's file pertaining to his or her own acts or omissions when the health care provider has "executed a valid waiver authorizing the release" of his or her file. *Id.*

Plaintiffs are concerned that SMMC is improperly withholding documents that were not generated as part of a peer review process, and thus are discoverable. They explain that their concern stems from the descriptions of the documents set forth in the privilege log. Plaintiffs argue that the descriptions are uninformative and vague and certainly do not rule out the possibility that some or all of the four documents are records prepared in the ordinary course of SMMC's business. In addition, Plaintiffs contend that the withheld documents may include materials otherwise available from

4

an original source, and these materials should be produced.

Plaintiffs need not be concerned. Based upon the Court's review, the four documents withheld by SMMC were plainly prepared as part of its peer review process. As SMMC states in its opposition memorandum and the supporting affidavit of Jo Ann Rakes, SMMC's risk manager, the documents reflect evaluations performed by SMMC's Department of OB/GYN, Department of Medicine, and the facility, itself, regarding the quality of the health care rendered to Plaintiffs. (ECF No. 77-2). The documents include summaries of pertinent care, as reflected in the medical records, but do not incorporate the records and do not contain other written materials otherwise available from original sources. Accordingly, the undersigned finds that the four documents are privileged as records of a health care peer review organization.

### B. The Privilege was not Waived

Plaintiffs further assert that even if the documents are peer review records, SMMC should be compelled to produce them, because the health care providers that were the subject of the peer review waived their right to confidentiality by meeting and discussing Plaintiffs' treatment outside of the peer review process. The undersigned finds this position to be without merit.

The peer review statute provides that the privilege may be waived by the subject of peer review if the subject executes a valid authorization allowing disclosure of materials discussing the subject's acts or omissions. W.Va. Code §30-3C-3. Such a waiver must "formally" demonstrate the subject's intent to waive the privilege. *State ex rel. Brooks v. Zakaib,* 588 S.E.2d 418, 427 (W.Va. 2003) (quoting *Young v. Saldanha,* 431 S.E.2d 669 (W.Va. 1993)). In *Brooks,* the Supreme Court of Appeals of West Virginia explained that while waiver can be implied through the actions of an

5

individual, recognition of implied waiver is "disfavored" and generally occurs only when a party uses or discloses the privileged information without any apparent regard for maintaining its confidentiality. *Id.* at 428.

  Plaintiffs do not allege that any of the health care providers whose care was reviewed executed an authorization allowing the release of peer review documents. Nor do they allege that the health care providers obtained the four privileged documents and disclosed them to third parties outside of the peer review process. Indeed, there is no evidence that the involved health care providers ever possessed the documents, or, for that matter, even reviewed them. Instead, Plaintiffs claim that the waiver occurred when the nurses and physician involved in Plaintiffs' labor and delivery met and discussed their care in a setting other than the formal peer review proceedings. However, this type of meeting does not create an implicit waiver of the privilege associated with peer review records for at least two obvious reasons. First, the information shared by the involved health care providers was not disclosed to third parties unrelated to the medical event. Instead, they discussed the event among themselves; therefore, confidentiality was maintained. Second, the peer review privilege does not apply to the personal knowledge of the health care providers. An individual involved in the medical care at issue may discuss or testify about matters within his or her personal knowledge, but that knowledge exists separate and apart from the records and proceedings of a peer review organization. In other words, the medical records, the knowledge of the witnesses, and the records of the peer review organization are three distinct sources of information. Access to the medical chart, or to the statements of the individuals involved, or to their recollections about a meeting not protected as peer review, does not affect the privilege that attaches to the records

6

of a health care peer review organization. Accordingly, the undersigned finds that the privilege, which shields peer review materials from disclosure, was not waived in this case, and the records are not discoverable.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** September 8, 2015

Cheryl A. Eifert
United States Magistrate Judge